**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ALLEN C. SANDE and LISA A. SANDE,**

        **Plaintiffs,**

-vs-                                                   **Case No. 6:07-cv-1878-Orl-31GJK**

**UNITED STATES OF AMERICA,**

        **Defendant.**

_____

## ORDER

This matter comes before the Court on the Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim (Doc. 7) filed by the Defendant, the United States of America (the "Government") and the response (Doc. 15) filed by the Plaintiffs, Allen C. Sande and Lisa A. Sande (the "Sandes"). On April 4, 2008, the Government filed a reply (Doc. 16) to the Sandes' response, withdrawing its argument that the case should be dismissed for lack of service.[1] On April 4, 2008, the Sandes filed a motion (Doc. 16) to strike the reply as unauthorized. (Doc. 16).

**I.    Background**

According to the allegations of the Complaint, the Sandes timely filed their Form 1040 for their 1997 taxes, showing a refund due of $8,854.00. (Doc. 1 at 4). In December 2000, the Sandes filed an Amended Form 1040 for 1997, showing an additional refund due of $22,019.00. (Doc. 1 at 4). On December 20, 2004, more than three years after the Sandes filed their Amended Form

---

[1] Aside from the withdrawal of the lack-of-service argument, the reply has not been considered in resolving the instant motion.

1040, the Internal Revenue Service completed an amended assessment with regard to their 1997 return. (Doc. 1 at 4). On November 17, 2005, the IRS filed a Notice of Federal Tax Lien against the Sandes in regard to, *inter alia*, the 1997 return. On November 27, 2007, having exhausted their administrative remedies, the Sandes filed the instant suit, seeking damages from the Government pursuant to 26 U.S.C. § 7433.[2]

## II.     Standards

### A.     Motions to dismiss under Rule 12(b)(6)

In ruling on a motion to dismiss, this Court must view the complaint in the light most favorable to the Plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232 (1974), and must limit its consideration to the pleadings and any exhibits attached thereto. Fed.R.Civ.P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411,421 (1969). In ruling on a motion to dismiss, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing Fed.R.Civ.P. 8(a)). This is a liberal

---

[2]The Sandes also demanded a trial by jury. (Doc. 1 at 6). In its motion, the Government contended that the Sandes are not entitled to a jury trial, and the Sandes did not address this issue in their response.

pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr.for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). Instead, the complaint need only "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Id*. (internal citation and quotation omitted). "A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests." *Sams v. United Food and Comm'l Workers Int'l Union*, 866 F.2d 1380, 1384 (11th Cir. 1989). However, a plaintiff's obligation to provide the grounds for his or her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007).

**B.     Section 7433**

Added to the Internal Revenue Code as part of the Taxpayer's Bill of Rights, 26 U.S.C. § 7433 provides, in pertinent part, that

> If, in connection with any *collection* of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in section 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions.

26 U.S.C. § 7433(a) (emphasis added). 26 U.S.C. § 7433 is a limited waiver of the Government's sovereign immunity from suit, and must therefore be construed narrowly. *See*, *e.g.*, *U.S. v. Nordic Village, Inc.*, 503 U.S. 30, 33-34, 112 S.Ct. 1011, 1014-15, 117 L.Ed.2d 181 (1992), and cases cited therein.

**III.    Analysis**

It is well-established that taxpayers cannot utilize Section 7433 to contest the assessment of a tax, as opposed to its collection. *See*, *e.g.*, *Shaw v. U.S.*, 20 F.3d 182, 184 (5th Cir. 1994) (relying on plain language and legislative history and holding that taxpayer cannot seek damages under Section 7433 for improper assessment of taxes).  The Government contends that the Sandes have not asserted that the IRS engaged in any improper collection activity and are, instead, challenging the assessment of their 1997 tax liability.  As such, the Government contends that the Sandes have failed to state a claim under Section 7433.

The Sandes argue that the Complaint alleges that the IRS "engaged in unlawful collection activities by filing of an untimely Notice of Lien," thus bringing their claim within the boundaries of Section 7433.  (Doc. 11 at 2).  A review of the Complaint demonstrates that the Sandes do assert that the Notice of Tax Lien was filed in error.  (Doc. 1 at 5).  However, according to the Complaint, the filing of the notice was erroneous *because* the assessment was untimely: "Notwithstanding the fact that the 1997 assessment on the Amended Return was untimely[3] by the IRS, the IRS filed a Notice of Federal Tax Lien against the Plaintiffs on November 17, 2005." (Doc. 1 at 5).  Aside from the statute that allegedly establishes the untimeliness of the December 20, 2004 assessment, the Sandes do not cite any Internal Revenue Code provision or regulation that was allegedly violated in connection with the Government's collection efforts.  In other words,

---

[3]The Sandes assert in the Complaint that under normal circumstances the IRS is obligated to make any assessment of additional tax within three years of the filing of the return, and that the assessment in this case occurred outside that three-year window. (Doc. 1 at 4).

the Sandes' argument that the notice of lien was improper is entirely based on an argument that the December 20, 2004 assessment was improper.

Despite this, the Sandes argue that they are prosecuting a collection action, not an assessment action. In support they point to numerous cases in which, they contend, the courts have stated that unlawful filing of a lien constitutes an unauthorized collection activity that is actionable under Section 7433. However, this overstates the holdings of those cases. Most of the cited cases rely on *Miller v. United States*, 763 F.Supp. 1534, 1543 (N.D.Cal. 1991), a Section 7433 case in which the court stated that "a notice and demand for payment constitutes a collection action, as does the filing of a notice of tax lien." The language from *Miller* came up in the context of a statute of limitations issue, and continues to be quoted in this same context – after which the courts generally conclude that the collection activity of which their taxpayers are complaining occurred outside the two-year limitations period in 26 U.S.C. § 7433(d).[4] Neither the *Miller* case nor the cases relying upon it hold that the filing of a notice of tax lien is *necessarily* actionable under Section 7433, particularly where the notice is allegedly erroneous only because no tax is owed. The remaining cases cited by the Plaintiffs also do not stand for the cited proposition.[5] To

---

[4]*See Tadych v. Rubin*, 1999 WL 1090820 (E.D.Wis. 1999) (quoting *Miller* before finding that limitations period began to run no later than date on which IRS seized certain real property); *Snyder v. I.R..S.*, 1998 WL 796768 (D.D.C. 1998) (quoting *Miller* before determining that any allegedly unauthorized liens filed more than two years prior to complaint were barred by statute of limitations); *Caparaso v. C.I.R.*, 907 F.Supp. 1235 (N.D.Ind. 1995) (quoting *Miller* before determining that levies and seizures constituting allegedly improper collection actions occurred more than two years prior to filing of complaint).

[5]*See Gonsalves v. U.S.*, 782 F.Supp. 164 (D.Me. 1992) (finding that plaintiff's cause of action accrued when IRS notified him that his claims for refunds had been disallowed) *and see Miller v. Sherrill*, 146 F.3d 1051 (8th Cir. 1998) (affirming dismissal of taxpayers' constitutional claim on

the contrary, courts that have squarely considered the issue have reached the opposite conclusion: "Section 7433 provides a remedy solely for illegal collection activities; where the IRS follows proper procedures to collect a tax that has been improperly assessed, a taxpayer must seek a different remedy." *Ihasz v. United States*, 997 F.Supp. 547, 551 (D.Vt. 1997).

**IV.   Conclusion**

As currently pled, the Sandes are challenging the assessment of their 1997 tax, rather than its collection. As such they have failed to state a claim for relief under Section 7433. In addition, they did not dispute the Government's contention that they are not entitled to a jury trial. Accordingly, it is hereby

**ORDERED** that the Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim (Doc. 7) filed by the Defendant, the United States of America, is **GRANTED IN PART** and **DENIED IN PART**. The Plaintiffs' Complaint (Doc. 1) is **DISMISSED** for failure to state a claim under Rule 12(b)(6). The Plaintiffs may file an amended complaint on or before April 18, 2008. Any such amended complaint should not include a request for a jury trial for any claims

---

grounds that Section 7433 provided exclusive remedy for improper IRS collection efforts, such as filing of allegedly frivolous tax lien).

under Section 7433. In all other respects, the motion is **DENIED**. In addition, it is hereby **ORDERED** that the Motion to Strike Unauthorized Reply (Doc. 16) filed by the Plaintiffs is **DENIED AS MOOT**.

    **DONE** and **ORDERED** in Chambers, Orlando, Florida on April 9, 2008.

                                                  GREGORY A. PRESNELL
                                            UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party